UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FELIPA GARCIA,

           Plaintiff,

    -against-                                         20 Civ. 9970 (CM)

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

           Defendant.

------------------------------------------------------------x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 4/8/2021 |

## MEMORANDUM ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS CASE TO THE NEW YORK STATE SUPREME COURT

McMahon, C.J.:

      Plaintiff filed this lawsuit in the New York State Supreme Court. It is a negligence action brought against the City Defendant for failing to exercise ordinary and reasonable care to prevent Plaintiff, an 82 year old woman, from falling while a patient at Bellevue Hospital Center. Plaintiff suffered her fall while trying to get out of bed to use the bathroom. The complaint alleges that Plaintiff was not properly monitored by hospital staff, and that the hospital failed to respond to her requests for assistance in getting to the bathroom or to prevent her from getting out of bed by herself by raising her bedrails. Plaintiff's claim does not arise under federal law; and as Ms. Garcia is a citizen of the State of New York, diversity is lacking.

      Nonetheless, NYCHHC filed a notice of removal on November 20, 2020. The City alleges two bases for removal:

      First, it alleges that Plaintiff's claims are pre-empted by the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the PREP Act), which immunizes parties like NYCHHC from liability for injuries they cause resulting from the "administration to or the use by an individual of a covered countermeasure" for the prevention and/or treatment of COVID-19. "Covered countermeasures" under the statute include the following: (1) a qualified "pandemic or epidemic product"; (2) a "security countermeasure"; (3) a drug, biological product, or device that the United States Food and Drug Administration ("FDA") has authorized for emergency use; and (4) a "respiratory protective device" that is approved by the National Institute for Occupational Safety and Health. § 247d-6d(i)(1).

Depending on how the facts play out, the PREP Act may provide the City with a defense to liability for injuries resulting from Plaintiff's fall. However, plaintiff's claim against NYCHHC does not "arise under" the PREP Act, and it is well-settled that the assertion of a defense arising under federal law does not create federal "arising under" jurisdiction. *Louisville & Nashville R&R v. Mottley*, 211 U.S. 149, 152 (1908). This is not an instance of "artful pleading" in which the Plaintiff is disguising what is essentially a federal claim in state law clothing; it is a garden variety negligence case, as to which Defendant might (or might not) have a defense. For the reasons set forth in the decision by my colleague across the river, The Hon. Pamela K. Chen, in *Dupervil v. Alliance Health Operations*, 2021 WL 355137, at *8-15 (E.D.N.Y. Feb. 2, 2021), this case cannot be removed on federal question grounds. Rather than engage in a lengthy discussion of why, I refer the reader to Judge Chen's well-reasoned and persuasive opinion, with which I wholeheartedly concur. As to Defendants' argument that federal courts should be the ones to take the first crack at determining the scope of the PREP Act: Congress did not divest state courts of concurrent jurisdiction in cases in which the PREP Act was raised as a defense, so Congress plainly did not think the state courts were incapable of dealing with this issue.

Second, the City asserts that removal is proper under the "federal officer" statute, which provides that federal jurisdiction exists in a case brought against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office," even if the claims against that officer "arise under" state law. 28 U.S.C. § 1442(a)(1). Federal officer jurisdiction exists when all of the following circumstances are met: (1) defendants are "persons within the meaning of the statute who acted under a federal officer; (2) defendants performed the actions for which they are being sued "under color of [federal] office; and (3) defendants raise a colorable federal defense. *Isaacson v. Dow Chm. Co.* 517 F. 3d 129, 135 (2d Cir. 2008).

The City argues that NYCHHC qualifies as an entity acting under a federal officer because, in caring for Plaintiff, it was helping to fulfill a task of the federal government, which was to combat the pandemic. But no less an authority than the United States Supreme Court has held that, to qualify as "acting under" a federal officer, a party must have been involved in "an effort to assist or help carry out, the duties or tasks of the federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 152 (2007). Merely complying with federal directives does not fall within the scope of Section 1442(a)(1), even if the actor is a highly regulated private entity that is following federal regulations (as every hospital must in the care of patients, pandemic or not). *Id.* at 153. As Judge Chen held in *Dupervil*, "there must exist a 'special relationship' between" the federal and private entities, *Dupervil* at *15 – something that is utterly lacking here. Long before there was any pandemic, the Second Circuit ruled that a health center is not acting under a federal officer simply because it receives federal funding and is subject to "a host of federal requirements and regulations pertaining to the health services it provides." *Veneruso v. Mt. Vernon Neighborhood Health Center*, 586 Fed. Appx. 604, 607-08 (2d Cir. 2014).

For this reason, many district courts have found that hospitals that are following federal guidelines during the current pandemic emergency are not "acting under" federal officers for the purpose of federal officer jurisdiction. *See, e.g., Dupervil, supra.*, at *16; *Estate of Maglioli v. Andover Subacute Rehabilitation Center I*, 478 F. Supp. 3d 518, 535 (D.N.J. 2020); *Lyons v. Cucumber Holdings LLC*, 2021 WL 364640, at *3 (C.D. Cal. Feb. 3, 2021); *Jackie Saldana v.*

*Glenhaven Healthcare LLC,* 2020 WL 6713995, at *3 (CD Cal. Oct. 14, 2020); *Martin v. Serrano Post Acute LLC,* 2020 WL 5422949, at *1 (CD Cal. Sept. 10, 2020). This court sees things no differently.

For the reasons set forth above, the motion to remand is GRANTED. The Clerk of Court is directed to close this case, mark the motion to dismiss at Docket # 25 off the court's list of open motions, and transmit the file forthwith to the Clerk of Court in the Supreme Court, New York County.

This constitutes the decision and order of the court and is a "written opinion" that shall be publicly filed.

Dated: April 8, 2021

_____
Chief Judge

BY ECF TO ALL COUNSEL